UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID BROD, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-20-1854 |
| § | |
| SPRINT CORP. & SPRINT/UNITED § | |
| MANAGEMENT CO., § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM & ORDER**

Pending before the court is plaintiff David Brod's ("Brod") motion for reconsideration. Dkt. 46. After reviewing the motion, the response, the reply, and applicable case law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

On January 28, 2022, United States Magistrate Judge Christina Bryan issued a Memorandum and Recommendation (the "M&R") recommending that defendant Sprint's motion for summary judgment be granted. Dkt. 41. In the concluding paragraph of the M&R, Judge Bryan explained that, pursuant to 28 U.S.C. § 636(b)(1)(C), the parties would have fourteen days to file written objections. *Id.* at 18. Citing Fifth Circuit precedent, Judge Bryan further cautioned that "[f]ailure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal." *Id.* (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*).

Neither party objected to Judge Bryan's M&R within the period prescribed by statute. So, on February 16, 2022, after reviewing the M&R for clear error and finding none, this court entered

its order adopting the M&R in full and dismissing Brod's claims with prejudice. Dkt. 42. The court entered a final judgment that same day. Dkt. 43. Twenty-eight days later, Brod filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b)(6). Dkt. 46. Brod complains that the M&R included "numerous findings that were beyond what is prescribed by law" and otherwise argues that he presented sufficient evidence satisfying the elements of his discrimination claim. *See id.* at 3–11.

## II.  LEGAL STANDARD

Two rules of federal civil procedure are relevant here. First, Rule 60(b) provides that a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Fed. R. Civ. P. 60(b)(1)–(5). The court can also set aside a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). Second, Federal Rule of Civil Procedure 59 permits motions to amend judgments, provided the motion is filed no later than 28 days following the entry of judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

## III.  DISCUSSION

Whether Rule 59 or Rule 60 applies turns on when the motion was filed. *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it

was filed under Rule 59. *Id.* If it was filed outside of that time, it is analyzed under Rule 60. *Id.* Here, Brod filed his motion for reconsideration within the twenty-eight-day period permitted under Rule 59(e). Accordingly, the court construes it as a Rule 59 motion, not a Rule 60 motion.[1]

Regardless of which rule authorizes Brod's motion, in the Fifth Circuit, "[t]he desire for a judicial process that is predictable mandates caution in reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir.), *cert. denied*, 119 S. Ct. 591 (1998). Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that *could* have been offered or raised before the entry of judgment" but were not. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (emphasis added). Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations and alterations omitted)). Like its Rule 60(b)(6) counterpart, Rule 59(e) is an "extraordinary remedy that should be used sparingly." *Id.*

Despite the "extraordinary" nature of Rule 59(e) motions, Brod advances legal theories and arguments that he could have raised earlier but did not. *See* Dkt. 46. Perhaps sensing this, Brod puzzlingly argues that his motion for reconsideration qualifies as a "timely objection[] to the Magistrate's legal findings." *See* Dkt. 48. But it is axiomatic that Rule 59(e)'s twenty-eight-day

---

[1] Even if the court were to construe the motion as a Rule 60(b)(6) motion, Brod does not explain which "extraordinary circumstances" justify reopening this case after he failed to object to the M&R within the statutorily-mandated period. *See* Dkt. 46. And while some circuits have held that an attorney's gross negligence can constitute sufficient grounds under Rule 60(b)(6) to vacate a final judgment, Brod declines to advance that argument here. *See, e.g.*, *Cmty. Dental Serv. v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002) (holding that a client who demonstrated gross negligence on the part of his counsel may set aside a judgment pursuant to Rule 60(b)(6)); *Carter v. Albert Einstein Med. Cntr.*, 804 F.2d 805, 807-08 (3d Cir. 1986) ("[W]e have vacated a dismissal when a client was victimized by his attorney's extreme negligence."); *United States v. Cirami*, 563 F.2d 26, 34-35 (2d Cir. 1977) (recognizing that the "complete disappearance" of counsel might justify relief under Rule 60(b)).

filing period following the entry of final judgment does not override 28 U.S.C. § 636(b)(1)(C)'s fourteen-day window to object to a Magistrate Judge's proposed findings and recommendations, which necessarily precedes the entry of final judgment. It is equally axiomatic that mere disagreement with the M&R's legal analysis cannot justify Rule 59(e)'s "extraordinary" relief. If it did, parties would use Rules 59(e) and 60(b)(6) as an end run around 28 U.S.C. § 636(b)(1)(C)'s fourteen-day limitation.

Under federal law, Brod had fourteen days following the M&R's issuance to raise the objections he advances today. *See* 28 U.S.C. § 636(b)(1)(C). He failed to do so. This court reviewed the M&R and applicable law for clear error and found none. *See* Dkt. 42. While Brod now registers his disagreement with Judge Bryan's analysis—disagreement, it bears repeating, he could have brought before—he stops short of even arguing that the M&R's purported missteps qualify as "clear" or "manifest" errors justifying relief from the final judgment under the federal rules. *See* Dkt. 46 (complaining that the court "did not give full consideration of the additional evidence provided in [Brod's] Supplemental Response."). Accordingly, the court declines to ignore federal statute, Fifth Circuit case law, and the basic principles of judicial economy to afford Brod the second bite of the apple he seeks today.

### IV.   CONCLUSION

For the foregoing reasons, plaintiff David Brod's motion for reconsideration (Dkt. 46) is DENIED.

Signed at Houston, Texas on April 5, 2022.

Gray H. Miller
Senior United States District Judge